Weng v. *Yates*

BIA
Poczter, IJ
A205 628 473

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>CORRECTED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand seventeen.

PRESENT:
>  REENA RAGGI,
>  GERARD E. LYNCH,
>  RAYMOND J. LOHIER, JR.,
>  *Circuit Judges.*

_____

JIANQUAN WENG,
>  *Petitioner,*

>  v.                                          15-2771
                                               NAC
SALLY Q. YATES, UNITED STATES
ACTING ATTORNEY GENERAL,
>  *Respondent.* 1

_____

FOR PETITIONER:          G. Victoria Calle, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         P. Nicastro, Assistant Director;
                         Drew Brinkman, Trial Attorney,
                         Office of Immigration Litigation,

---

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

United States Department of Justice, Washington, D.C. UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianquan Weng, a native and citizen of the People's Republic of China, seeks review of an August 11, 2015, decision of the BIA, affirming a March 6, 2014, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianquan Weng,* No. A205 628 473 (B.I.A. Aug. 11, 2015), *aff'g* No. A205 628 473 (Immig. Ct. N.Y. City Mar. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Weng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the plausibility

2

of an applicant's account and inconsistencies and omissions in the applicant's statements and his witness's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination rests on substantial evidence.

The agency reasonably relied on inconsistencies among Weng's testimony, statements, and evidence concerning his practice of Christianity in China. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. On direct examination, Weng testified that he began attending an underground church as an adult in June 2009; on cross examination, however, Weng said that he had attended church when he was five or six years old and did so for two years. Weng sought to explain the inconsistency by asserting that he "was just a child" who went there to play, that he understood the question to mean when he began attending regularly, and that the attorney for the Department of Homeland Security asked when

3

he was introduced to Christianity, not when he began attending an underground church. The agency reasonably rejected Weng's explanations. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 77, 76 (2d Cir. 2004)). Moreover, Weng could not state unequivocally whether his siblings attended church. The IJ reasonably concluded that this called into question whether Weng actually came from a devout family, as he claimed, and suggested that Weng embellished his testimony. *See Majidi*, 430 F.3d at 80.

In addition, the agency reasonably rested the adverse credibility determination on inconsistencies in Weng's description of his purported arrest in China, the only alleged incident of persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Although Weng testified that, on the day of his arrest, his parents had "some other business" and did not attend church with him, his mother's letter states that she was out of town on that day.

Finally, additional inconsistencies concerning Weng's

4

past practice and his family's practice of Christianity support the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. First, the letter submitted by Weng's mother did not corroborate Weng's testimony that his parents attended an underground church until his 2012 arrest, when they began attending a government church. Moreover, a 2011 official household register listed Weng's parents' religion as Christianity, which conflicts with his claim that they practiced Christianity in secret. Second, Weng's testimony and evidence regarding his brother was inconsistent. The household register listed Christianity as Weng's brother's religion, but Weng testified that only he and his parents practiced Christianity. Third, the agency also reasonably found Weng not credible regarding his practice of Christianity in the United States. Weng and his witness provided inconsistent testimony on this point. 8 U.S.C. § 1158(b)(1)(B)(iii). Weng testified that he and his childhood friend attend church together in the United States, although they had not recently because his friend was working in Los Angeles. But the witness testified that he never attended church services with Weng and was working in San Jose. Weng's explanations for these inconsistencies are not

5

compelling.  *See Majidi*, 430 F.3d at 80.

Having questioned Weng's credibility, the agency did not err in concluding that Weng's lack of corroborating evidence further undermined his credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Weng has not challenged that finding.

Given the multiple inconsistencies identified going both to past events and to Weng's continuing practice of Christianity, as well as the lack of corroboration, we conclude that a "reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The adverse credibility ruling is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

6